## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **NATHAN OGDEN**<br>23220 Chagrin Blvd., #432<br>Beachwood, Ohio 44122<br><br>*Plaintiff*,<br><br>v.<br><br>**KG ADMINISTRATIVE SERVICES, INC.**<br>c/o 1600 CNB Corp.<br>1375 East Ninth Street, 29th floor<br>Cleveland, Oh 44114<br><br>and<br><br>**TRACEY KEISER**<br>8181 E. Kaiser Blvd.<br>Anaheim Hills, CA 92808<br><br>and<br><br>**ROBERT FRAZIER**<br>8181 E. Kaiser Blvd.<br>Anaheim Hills, CA 92808<br><br>*Defendants*. | CASE NO:<br><br><br><br>JUDGE<br><br><br><br><br>**CIVIL COMPLAINT**<br>**(Jury demand endorsed herein)** |

NOW COMES Plaintiff, Nathan Ogden, by and through counsel, and for his Complaint against Defendants KG Administrative Services, Inc. ("KGA"), Tracey Keiser, and Robert Frazier (Collectively "Defendants") states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio, O.R.C. § 4111.01, et seq.

2. Plaintiff also brings this case against Defendants for claims of conversion, unjust enrichment, and promissory estoppel for an unpaid loan that the Plaintiff financed to Defendants.

**SUBJECT MATTER JURISDICTION AND VENUE**

3. Jurisdiction rests with this Court pursuant to 28 U.S.C. §1331 in that Plaintiff is alleging a federal law claim arising under the FLSA, 29 U.S.C. §201, et seq.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. §1391 because Defendants operated and/or conducted business in the district of this Court and because a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES AND PERSONAL JURISDICTION**

6. Plaintiff Nathan Ogden is a citizen of the United States and a resident of Cuyahoga County, Ohio.

7. Defendant KG Administrative Services, Inc. ("KGA") is an Ohio Corporation with operations in Chesterland, Ohio (Geauga County), where Plaintiff worked, and corporate headquarters in Anaheim, California. According to records maintained by the Ohio Secretary of State, Defendant KGA's statutory agent for service of process is 1600 CNB Corp., 1375 East Ninth Street, 29th floor, Cleveland, OH, 44114. Defendant KGA is subject to personal jurisdiction in this district because it has the required minimum contacts.

8. Defendant Tracey Keiser and Defendant Robert Frazier are individuals who are directors, members, and/or owners of KGA and, upon information and belief, are both residents of

California. As directors, members, and/or owners of KGA, Keiser and Frazier are subject to personal jurisdiction in this Court because they have the required minimal contacts.

9. Plaintiff Ogden was Defendant KGA's "employee" within the meaning of the FLSA, Article II §34a of the Ohio Constitution, and R.C. §4111.03.

10. During all times relevant, Defendants Keiser and Frazier exercised daily operational control over business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and/or issuing payroll to employees.

11. During all relevant times, Defendants Keiser and Frazier supervised and/or controlled Plaintiff's employment with Defendant KGA and acted directly or indirectly in the interest of Defendant KGA in relation to its employees.

12. During all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, Article II §34a of the Ohio Constitution, and R.C. §4111.03.

## STATEMENT OF FACTS

**Plaintiff worked for the Defendants without any compensation for two (2) years**

13. Defendant KGA administers benefit plans nationwide. Defendants KGA had an estimated annual revenue of $200,000 to $350,000.

14. Plaintiff Ogden began working for Defendant KGA on March 5, 2015 after Defendant Kaiser, Defendant Frazier, and Glen Ogden incorporated Defendant KGA. Defendant Kaiser was the company's Vice-President; Defendant Frazier was the Treasurer; and Glen Ogden was the company's President.

15. Plaintiff's job title was Claims Administrator and his responsibilities included, among other things, shopping stop-loss carriers for Third Party Administrator ("TPA") clients;

3

managing claims funding for TPA clients; dealing with vendors, e.g., software companies; and marketing TPA services to prospective clients.

16. During all times relevant, Plaintiff worked approximately 5920 hours for Defendant, for which he was not paid anything.

17. During the period of March 5, 2015 through October 18, 2016, Plaintiff worked approximately 2400 of overtime for which he was not compensated.

18. During his employment with Defendant KGA, Defendants Kaiser and Frazier had a significant ownership interest in KGA, controlled signification functions of the business, determined salaries (including the decision to not compensate Plaintiff), and made hiring decisions.

19. Plaintiff Ogden *never* received *any* compensation for the work he performed on behalf of Defendants KGA, Kaiser, and Frazier. Defendants enticed Plaintiff with the offer of eventual ownership in KGA; however, Defendants never made Plaintiff a shareholder and never shared any of KGA's profits with the Plaintiff.

20. In, or around, October 18, 2016, Defendants KGA, Kaiser, and Frazier informed Plaintiff that they were terminating Plaintiff's employment with KGA and moved KGA's assets to CAS. The termination was in response to Plaintiff Ogden raising his rights under the FLSA and Ohio's Fair Minimum Wage Act.

21. Plaintiff continued to perform work for Defendants, which Defendants directed and of which Defendants were aware, until February 2017.

**Plaintiff loaned Defendant KGA $10,000, which remains unpaid**

22. As averred in this Complaint, Defendants enticed Plaintiff with an offer of eventual ownership in KGA.

23. To demonstrate his commitment in becoming an owner of KGA, Plaintiff loaned KGA $10,000 in or around April or May of 2015 via electronic check from his personal bank account with the expectation that KGA would repay the loan with interest or to convert said loan into an ownership interest of Defendant KGA.

24. Plaintiff demanded repayment of the loan in full pursuant to their agreement.

25. As of the date of this Complaint's filing, Defendant KGA has refused to repay the loan financed by Plaintiff despite Plaintiff's demands.

26. Defendant KGA further refused to make Plaintiff a shareholder of KGA.

## **COUNT 1: FAILURE TO PAY MINIMUM WAGE**
## **UNDER OHIO'S MINIMUM WAGE LAW**

(Against all Defendants)

27. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Plaintiff brings this claim for violations of the Ohio Minimum Fair Wage Standards R.C. §§ 4111 *et seq* and Section 34a of Article II, Ohio Constitution.

29. Defendants were the employers of the Plaintiff and covered by the Ohio Minimum Fair Wage Standards R.C. §§ 4111.01 *et seq*.

30. Defendants' failure to pay the mandatory minimum wage violated Ohio law.

31. By failing to pay minimum wage under Ohio law, Defendants willfully, knowingly and/or recklessly violated the provisions of Ohio law.

32. As a result of the Defendants' willful violations, the application statute of limitations is three years.

33. Defendants are liable to the Plaintiff for back wages in the amount of all hours worked multiplied by the applicable minimum wage rate plus liquidated damages.

## COUNT 2: FAILURE TO PAY OVERTIME UNDER THE FLSA

(Against all Defendants)

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

36. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employee's "regular rate" of pay. 29 U.S.C. § 207(a)(1).

37. Plaintiff was a non-exempt employee of the Defendants.

38. Defendants did not pay overtime compensation to Plaintiff for *any* hours worked over forty (40) for all workweeks while in the employ of the Defendants.

39. By failing to pay overtime, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

40. As a result of the Defendants' willful violations, the application statute of limitations is three years.

41. Defendants are liable to the Plaintiff for back wages in the amount of all overtime hours worked multiplied by the applicable overtime rate plus liquidated damages.

## COUNT 3: CONVERSION

(Against Defendant KGA)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff has ownership in and/or a right to the loan provided to Defendant KGA.

44. Defendant wrongfully acted to withhold repayment of the loan financed by Plaintiff.

45. Plaintiff demanded repayment and/or return of the loan from Defendant KGA.

46. Defendant has refused to return and/or repay the loan to Plaintiff.

47. As a result of the forgoing, Defendant KGA is liable to Plaintiff for conversion in the amount $10,000 plus interest, costs, and attorney fees.

## COUNT 4: UNJUST ENRICHMENT

(Against Defendant KGA)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff conferred a benefit on Defendant KGA by financing the loan.

50. Defendant KGA was fully aware of the benefit through its agents, directors, and/or officers.

51. Defendant KGA's retention of the loan without repayment in full with interest would be unjust.

52. As a result of the foregoing, Defendant KGA is liable to Plaintiff for unjust enrichment in the amount of $10,000 plus interest, costs, and attorney fees.

## COUNT 5: PROMISSORY ESTOPPEL

(Against Defendant KGA)

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Defendant KGA promised to repay the loan financed by Plaintiff.

55. In reliance on Defendant KGA's promise, Plaintiff financed the loan.

56. Defendant KGA reasonably expected that its promise to repay the loan induced Plaintiff to finance the loan.

57. Due to Plaintiff's reliance on Defendant KGA's promise, he suffered a detriment in the amount of $10,000 plus interest, costs, and attorney fees.

58. Injustice can only be avoided if Defendant KGA's promise to repay the loan is enforced.

59. As a result of the foregoing, Defendant KGA is liable to Plaintiff under the doctrine of promissory estoppel in the amount of $10,000 plus interest, costs, and attorney fees.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Nathan Ogden demands from Defendants the following:

A. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff;

B. Award Plaintiff actual damages for unpaid minimum wage and overtime compensation;

C. Award Plaintiff liquidated damages equal in amount to the unpaid minimum wage and overtime compensation found due to Plaintiff;

D. Award Plaintiff actual damages against Defendant KGA in the amount of $10,000 plus interest, costs, and attorney fees;

E. Award Plaintiff pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff his costs, disbursements, and attorney fees incurred in prosecuting this action;

G. Enter judgment for any and all additional civil penalties to which Plaintiff may be entitled; and

H. Award further relief as the Court deems equitable and just.

Respectfully submitted,

 /s/ David J. Steiner
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-650-4030
Facsimile: 216-696-7005
david@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

                                          /s/ David J. Steiner
                                          One of the Attorneys for Plaintiff